UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSEL HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-1770-CDP |
| | ) | |
| FRANCES SLAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Russel House (registration no. 27305) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's

account indicates an average monthly deposit of $3.92, and an average monthly balance of $.86. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.78, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## The Complaint and Supplement[1]

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action for constitutional violations which allegedly occurred during his incarceration at the St. Louis City Medium Security Institution ("MSI"). The named defendants are Frances Slay, Eugene Stubblefield, Jerome Fields, Unknown Brown, Unknown Irvins, Unknown Diggs, Unknown Turner, Unknown Perry, and Reggie Moore. Plaintiff alleges that

---

[1]The Court will liberally construe plaintiff's letter to the Court [Doc. #11] as a supplement to the complaint.

defendant Moore denied him access to his attorney, and defendant Irving denied him access to the law library. Plaintiff further alleges that defendant Brown was responsible for the actions of Moore and Irving by virtue of his supervisory position. In addition, plaintiff claims that "medical" sent an inmate with crabs "back to the dorm, where they sprayed everyone with some type of bug spray." Plaintiff alleges that the spray made him itch and resulted in permanent hair loss. Last, plaintiff claims that MSI is "nasty and unsafe" and is in violation of many health codes.

## Discussion

Plaintiff brings this action against defendants in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. Moreover, the theory of supervisory liability is inapplicable in § 1983 suits, Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); and, allegations of state code violations do not, in themselves, state a constitutional claim under § 1983, Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993). Last, plaintiff has asserted no claims against defendants Slay, Stubblefield, Fields, Diggs, Turner, or Perry. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or

directly responsible for incidents that injured plaintiff). For these reasons, the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $.78 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket this case as <u>Russel House v. Frances Slay, Eugene Stubblefield, Jerome Fields, Unknown Brown, Unknown Irvins, Unknown Diggs, Unknown Turner, Unknown Perry, and Reggie Moore.</u>

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of December, 2010.

                                          */s/ Catherine D. Perry*
                                          UNITED STATES DISTRICT JUDGE